# THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Randall Gregg, et al., Plaintiffs | ) | |
| v. | ) | No. 04-425C (Judge Lettow) |
| The United States, Defendant. | ) | |

## JOINT PRELIMINARY STATUS REPORT

In accordance with Appendix A of the Rules of the United States Court of Federal Claims, the parties respectfully submit the following joint preliminary status report. The lettered and numbered paragraphs below correspond with the lettered and numbered paragraphs of Part III of Appendix A.

**(a) Does the Court have jurisdiction over the action?**

At this time, the parties believe that the Court possesses jurisdiction to hear and decide this action as it concerns plaintiffs' claims for breach of an express or implied-in-fact contract. Plaintiff also believes the Court possesses jurisdiction to hear and decide plaintiffs' other claims for misrepresentation in the inducement, bad faith, and tortious breach of contract. Defendant does not believe the Court possesses jurisdiction to hear and decide plaintiffs' claim for misrepresentation in the inducement and plaintiffs' claim for bad faith allegedly based upon negligent and intentional mismanagement of the

Glacial Bay Compensation Plan. Further, defendant believes that the Court may not possess jurisdiction to hear and decide plaintiffs' claim for tortious breach of contract.

**(b) Should the case be consolidated with any other case?**

No party is aware of any case with which this case should be consolidated.

**(c) Should the trial of liability and damages be bifurcated?**

Assuming the case is tried, the parties are not currently aware of any reasons that the trial should be bifurcated.

**(d) Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

The parties are not currently aware of any reason why proceedings in this case should be deferred pending consideration of another case before this Court. The parties are not aware of any related cases in this or any other tribunal, but other cases related to the Glacier Bay Compensation Plan have been filed in Alaska Federal District Court.

**(e) Will a remand or a suspension be sought?**

No party anticipates seeking a remand or suspension.

**(f) Will additional parties be joined?**

At this time, no party anticipates joining any additional parties except as to the additional plaintiff, James Perry, to be added through an amended complaint.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is a proposed schedule for the intended filing?**

The parties will confer as to whether dispositive motions may be appropriate before discovery closes. Following the close of discovery, the parties anticipate filing dispositive motions. The parties request, therefore, that they be allowed to file status reports within 30 days after the close of discovery proposing further proceedings in this case, such as the filing of dispositive motions and a proposed schedule for filing such motions.

**(h) What are the relevant issues?**

Based upon a preliminary review of the case, the parties agree that preliminary relevant issues are as follows.

1. Whether plaintiffs had either an express or implied in fact contract with the United States, whereby plaintiffs were to relinquish or retire their Tanner crab pot permits in exchange for compensation by the United States.

2. Whether the Unites State breached either an express or implied in fact contract with plaintiffs, whereby plaintiffs were to relinquish or retire their Tanner crab pot permits in exchange for compensation by the United States.

3. Where the Unite States induced plaintiffs into relinquishing or retiring their Tanner crab pot permits based upon alleged erroneous representations about the efficacy and viability of the Glacier Bay Compensation Plan.

4. Whether the United States knowingly and intentionally failed to inform plaintiffs that the purported contracts would not e honored.

5. Whether plaintiffs state an actionable claim of bad faith based upon the allegations that the Glacier Bay Compensation Plan was badly conceived and negligently and intentionally mismanaged by the United States.

**(i) What is the likelihood of settlement?**

The parties have not yet engaged in settlement discussions and agree that they cannot at this time predict the likelihood of settlement.

**(j) Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

In the absence of a settlement or disposition of the case through pre-trial motions, the parties anticipate proceeding to trial. No party requests expedited trial scheduling. The requested place of trial is Alaska.

**(k) Are there any special issues regarding electronic case management?**

No.

**(j) Is there any other information the Court should be aware of at this time?**

The parties are unaware of any other information that should be brought to the attention of the Court at this time.

**Proposed Discovery Plan**

The parties state that discovery will be initiated in this case following the foiling of this joint preliminary status report and propose that August 1, 2005 be set a t the date for the close of discovery.

Respectfully submitted,
PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

S/ Bruce B. Weyhrauch
BRUCE B. WEYHRAUCH
Law Office of Bruce B. Weyhrauch, LLC
114 S. Franklin Street, Suite 200
Juneau, Alaska 99801
Tel: 907-463-5566
Fax: 907-463-5858
E-mail: whyrock@gci.net

S/ Carolyn J. Craig
CAROLYN J. CRAIG
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Tel: (202) 305-7561
Fax: (202) 305-7644
E-Mail: Carolyn.craig@usdoj.gov

OF COUNSEL:

JOSEPH DARNELL
Department of the Interior
Office of the Solicitor
Alaska Region
4230 University Drive, Suite 300
Anchorage, Alaska 99501-4626

Attorneys for Plaintiffs

August 9, 2004

Attorneys for Defendant

August 9, 2004