**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| RANDALL GREGG, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-425C |
| v. | ) | (Judge Lettow) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO THE FIRST AMENDED COMPLAINT**

**COUNT I**
**JURISDICTION**

1. The allegations contained in paragraph 1 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**PARTIES**

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Denies.

**FACTUAL BACKGROUND**

6. Admits the allegation contained in paragraph 6 that the marine waters of Glacial Bay are the site of a commercial crab fishery; denies the remainder of the allegations contained in paragraph 6.

7. Admits.

8. Admits the allegation contained in the first sentence of paragraph 8 that the National Park Service ("NPS") proposed regulations in 1991 to phase out and restrict commercial crab fishing and other commercial fishing in Glacial Bay National Park; denies the remainder of the allegations contained in paragraph 8.

9. Admits.

10. Admits the allegations contained in paragraph 10, to the extent supported by Section 123 of the Omnibus Consolidated and Emergency Supplemental Appropriations Act for FY 1999 (Public Law 105-277, 112 Stat. 2681) ("the Act"), as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11, to the extent supported by Section 123 of the Act, as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits.

13. Admits the allegations contained in paragraph 13, to the extent supported by Section 501 of the 1999 Emergency Supplemental Appropriations Act (Public Law 106-31), as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14, to the extent supported by Section 501 of the 1999 Emergency Supplemental Appropriations Act (Public Law 106-31), as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15, to the extent supported by the Final Rule published by the NPS in October 1999, as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Denies. Avers that the NPS contracted with an organization named RESOLVE to facilitate discussion and that RESOLVE contracted with the McDowell Group, Inc.

17. Denies. Avers that the public comment period started earlier.

18. Admits the allegation contained in paragraph 18 that public comments were provided; denies the remainder of the allegations contained in paragraph 18.

19. Admits.

20. Admits.

21. Denies the allegations contained in paragraph 21. Avers that public comment was provided during the workshops[1] on compensation for Tanner crab permits.

22. Denies the allegations contained in paragraph 22. Avers that some people who testified stated their belief that retiring interim permits would not meet the goal of the Act.

23. Denies. Avers that Tomie Patrick Lee was and is the Superintendent of Glacier Bay National Park and that she discussed, at some time during the workshops, the effect of the retirement of interim permits in the context of the Act.

24. Denies. Avers that Ms. Lee stated during one or more of the workshops that Tanner crab permit holders would received some type of compensation.

25. Admits.

---

[1] The Park Service has used the word "workshops" to describe what plaintiff has characterized as "hearings" because they were less formal than hearings.

26. Admits the allegations contained in paragraph 26, to the extent supported by the Economic Assessment, as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27, to the extent supported by the Economic Assessment, as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Admits.

29. Admits.

30. Admits the allegations contained in paragraph 30, to the extent supported by the Compensation Plan, as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Admits the allegations contained in paragraph 31, to the extent supported by the Compensation Plan, as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32. Admits the allegations contained in paragraph 32, to the extent supported by the Compensation Plan, as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33. Admits.

34. Denies.

35. Denies.

36. Admits the allegations contained in paragraph 36, to the extent supported by the Compensation Plan, as cited, which is the best evidence of its contents; otherwise denies the

allegations contained in paragraph 36.

37. Admits the allegations contained in paragraph 37, to the extent supported by the Compensation Plan, as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38. Admits the allegations contained in paragraph 38, to the extent supported by the Compensation Plan, as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39. Denies.

40. Admits.

41. Denies.

42. Denies the allegations contained in paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth.

43. Admits.

44. The allegations contained in paragraph 44 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Avers that the letters were sent to plaintiffs.

45. Admits the allegations contained in paragraph 45, to the extent supported by the letter, as cited as Exhibit B, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 45.

46. The allegations contained in paragraph 46 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

47. Admits the allegations contained in paragraph 47, to the extent supported by the letter, as cited as Exhibit B in paragraph 45, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 47.

48. Denies.

49. Denies.

50. The allegations contained in paragraph 50 constitute plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Avers that defendant received the letter, dated October 8, 2002.

51. Admits the allegations contained in paragraph 51, to the extent supported by the letter dated October 28, 2002, as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 51. Avers that the letter, dated October 28, 2002, was sent.

52. The allegations contained in paragraph 52 constitute plaintiffs' characterization of their case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Avers that the Record of Decision was signed.

53. Denies the allegations contained in paragraph 53 that the bids were "accepted" as plaintiffs' characterization of their case and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied; otherwise, admits the allegations contained in paragraph 53.

54. Admits the allegations contained in paragraph 54, to the extent supported by the Record of Decision, as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 54.

55. Admits the allegations contained in paragraph 55, to the extent supported by the Record of Decision, as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 55.

56. Admits the allegations contained in paragraph 56, to the extent supported by the Record of Decision, as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 56.

57. Denies. Avers that the Tanner crab permit holders, including plaintiffs, were each paid $11,763.80.

58. Denies. Avers that the only plaintiff who submitted a claim to the contracting officer was Randall Gregg.

59. Denies. Avers that the contracting officer for the Park Service did respond to the claim of Randall Gregg.

**SUBSTANTIVE ALLEGATIONS**

**COUNT II**
**Breach of Express Contract**

60. Denies.

61. Denies.

62. Denies.

63. Denies.

64. The allegations contained in paragraph 64 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

65. Denies the allegations contained in paragraph 65 for lack of knowledge or information sufficient to form a belief as to their truth.

66. The allegations contained in paragraph 66 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

67. Denies.

68. Denies.

69. Denies.

Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 69 of the first amended complaint, or to any relief whatsoever.

**COUNT III**
**Breach of Implied-in-Fact Contract**

70. Defendant incorporates by reference its responses to paragraphs 1 through 69 of the first amended complaint.

71. Denies.

72. Denies.

73. Denies.

74. Denies.

75. Denies.

76. Denies.

77. Denies.

78. Denies.

79. Denies.

Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 79 of the first amended complaint, or to any relief whatsoever.

**COUNT IV**
**Misrepresentation in the Inducement**

80. Defendant incorporates by reference its responses to paragraphs 1 through 79 of the first amended complaint.

81. Denies.

82. Denies.

83. Denies.

84. Denies.

85. Denies.

86. Denies.

87. Denies.

88. Denies the allegations contained in paragraph 88 for lack of knowledge or information sufficient to form a belief as to their truth.

89. Denies.

90. Denies.

91. Denies.

92. Denies.

Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 92 of the complaint, or to any relief whatsoever.

**COUNT V**
**Tortious Breach of Contract**

93. Defendant incorporates by reference its responses to paragraphs 1 through 92 of the first amended complaint.

94. Denies.

95. Denies.

96. Denies.

97. Denies.

98. Denies.

99. Denies.

Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 99 of the first amended complaint, or to any relief whatsoever.

**COUNT VI**
**Bad Faith**

100. Defendant incorporates by reference its responses to paragraphs 1 through 99 of the first amended complaint.

101. The allegations contained in paragraph 101 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

102. Denies.

103. Denies.

104. Denies.

105. Denies.

106. Denies.

107. Denies.

Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 107 of the first amended complaint, or to any relief whatsoever.

108. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the first amended complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Carolyn J. Craig
CAROLYN J. CRAIG
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Sreet, N.W.
Attn: Classification Unit, 8th floor
Washington, D.C. 20530
Tele: (202) 305-7561
Fax: (202) 305-7644
e-mail: carolyn.craig@usdoj.gov

OF COUNSEL:

JOSEPH D. DARNELL
Attorney
United States Department of the Interior
Office of the Solicitor
Alaska Region
4230 University Drive, Suite 300
Anchorage, Alaska 99501-4626

September 17, 2004

Attorneys for Defendant