IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 04-425C

(Filed: January 6, 2005)

RANDALL GREGG, *et al.*,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ORDER

Seven individuals are plaintiffs in this action. Technically speaking, the question whether these parties are properly grouped in this single action involves joinder of parties, a matter that is governed by Rule 20(a) of the Rules of the United States Court of Federal Claims ("RCFC").

RCFC 20(a) imposes two separate requirements to support joinder: (1) a right to relief must be asserted by, or against, each plaintiff or defendant, relating to or arising out of the same transaction or occurrence, and (2) some question of law or fact common to all the parties will arise in the action. Both of these requirements must be satisfied in order to sustain joinder under RCFC 20(a); if one or the other is not met, the parties are improperly joined. *See Franconia Assocs. v. United States*, 61 Fed. Cl. 335, 336-37 (2004); *see also* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1653 at 403-08 (3d ed. 2001) (citing numerous cases).

In this instance, the first requirement is not met. Under the comparable Rule 20(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), a right to relief relates to or arises out of the "same transaction or occurrence" only if it involves a single event or a related series thereof. *See, e.g., Phillips Elecs. N. America Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004); *Paine Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1370-71 (D. Del. 1983). Courts, in particular, have rejected the notion that the "same transaction or occurrence requirement" may be construed to allow joinder of parties having only "similar claims," for example, breach of contract claims based on the same form contract. *See, e.g., Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988) (finding that a loan made to the plaintiff by one defendant was unrelated to similar loans made to the plaintiff by other defendants and that joinder was therefore improper). Having common legal

and factual questions is not enough, in itself, to support permissive joinder.

Based on the foregoing analysis, this court readily concludes that the plaintiffs in this case are improperly joined. While the claims of these individual plaintiffs obviously share common legal and factual questions, they do not meet the transactional test of RCFC 20(a).

RCFC 21 allows the court to raise this issue *sua sponte* at any stage in the proceedings. Under that same rule, if a party is improperly joined, principles of judicial economy suggest that severance, rather than dismissal, be ordered if a particular judge has invested considerable time in the case and intends, therefore, to continue to control the resolution of the entire set of cases.

Based on the foregoing, the court concludes as follows:

1. The Clerk is ordered to sever the claims of Robert Haltiner, John E. Jensen, Terrence Larson, Peter Roddy, Daniel Vick, and James Perry from those of Randall Gregg.

2. The Clerk shall treat the claims of each of these plaintiffs as separate actions and shall assign separate docket numbers to each of the severed cases, *viz*. "04-425A – C" through "04-425F – C."

3. Pursuant to RCFC 42, these newly-created cases shall be consolidated with *Randall Gregg v. United States,* No. 04-425C, unless otherwise ordered by the court, and all future filings in this matter shall be filed under the consolidated caption, unless otherwise ordered by the court.

4. This order does not require the parties to file or refile any additional documents in the newly-created cases the dockets and records of which shall be deemed to include any prior filings in this action.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge